**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:19-cv-_____ |
| v. | § | |
| | § | Jury Trial Demanded |
| APPLE INC., | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF LBS INNOVATIONS, LLC'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LBS Innovations, LLC ("LBSI" or "Plaintiff") files this Complaint for patent infringement against Defendant Apple Inc. ("Apple" or "Defendant") and alleges as follows:

**PARTIES**

1.      Plaintiff LBSI is a limited liability company organized and existing under the laws of the State of Texas.

2.      Defendant Apple is a corporation organized under the laws of the State of California, and has a principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple may be served with process through its registered agent CT Corporation System, located at 1999 Bryan St., Suite 900, Dallas, TX 75201.

**JURISDICTION AND VENUE**

3.      This is an action for infringement of United States Patent No. 6,091,956 ("the '956 Patent") arising under the patent laws of the United States of America, Title 35, United States Code.

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Apple is engaged in the business of selling devices, such as smartphones, tablets, computers, smartwatches, in-dash vehicle navigational devices, and other computing devices that include Apple Maps, an infringing software application providing up-to-date information about points-of-interest, traffic, events, and conditions occurring or about to occur at a place as shown through map images, navigational features, area and point-of-interest searches, transit information, indoor maps, etc. *See, e.g.*, https://www.apple.com/ios/maps/ and https://support.apple.com/en-us/HT202570.

6.      Apple has made Apple Maps available on various versions of Apple smartphones, tablets, and other computing devices since 2012 (when Apple replaced Google Maps as the default mapping service on all of its smartphones going forward).  At least the following smartphones and tablets and other computing devices have included Apple Maps from 2012 to at least June 12, 2017 (expiration of the '956 Patent):  iPhone 4; iPhone 4S; iPhone 5; iPhone 5S; iPhone 5C; iPhone 6; iPhone 6 Plus; iPhone 6S; iPhone 6S Plus; iPhone SE; iPhone 7; iPhone 7S; iPad 2; iPad 3; iPad 4; iPad Air; iPad Air 2; iPad Mini; iPad Mini 2; iPad Mini 3; iPad Mini 4; iPad Pro; iPad Pro 2; iPod Touch 4; iPod Touch 5; and iPod Touch 6 ("the Accused Smartphones and Tablets"). *See, e.g.*, https://support.apple.com/en-us/HT202570.

7.      At least the following computing devices have included Apple Maps from at least as early as 2013 to at least June 12, 2017 (expiration of the '956 Patent): MacBook, MacBook Air, MacBook Pro, iMac, Mac Pro, and Mac mini ("the Accused Computers").  *See, e.g.,* https://support.apple.com/guide/maps/welcome/mac                                   and https://support.apple.com/kb/SP702?locale=en_US.

8.     Apple has also made Apple Maps available on various versions of Apple smartwatches since 2015 to at least June 12, 2017, including the following devices: Apple Watch Series 0, Apple Watch Series 1, and Apple Watch Series 2 ("the Accused Smartwatches").  *See, e.g.*,        https://support.apple.com/guide/watch/get-directions-apdea7480950/watchos        and https://www.youtube.com/watch?v=QACXuPXklmM.

9.     Apple has additionally made Apple Maps available for its in-dash navigational device, CarPlay, since at least March 2014 to at least June 12, 2017 ("the Accused Navigational Device").  *See,     e.g.*,     https://developer.apple.com/videos/play/wwdc2018/213/     and https://www.apple.com/ios/carplay/.

10.    The Accused Smartphones and Tablets, the Accused Computers, the Accused Smartwatches, the Accused Navigational Device, and any other Apple computing devices that provide Apple Maps are collectively referred to herein as "the Accused Instrumentalities."

11.    Apple is subject to this Court's specific personal jurisdiction because it (a) is a resident of the State of Texas; and (b) has designated an agent for service of process in the State of Texas; and (c) has committed acts of infringement in the State of Texas as alleged herein.

12.    These acts of infringement include importing, selling, offering for sale, and/or using the Accused Instrumentalities, which enable performance of the methods covered by the '956 Patent, in the State of Texas. These acts further include operating a fully interactive website and operating places of business that facilitate the sale of the Accused Instrumentalities in the State of Texas. *See, e.g.*, https://www.apple.com/ and https://www.apple.com/retail/. These acts of infringement also include Apple's knowing and intentional inducement of users of the Accused Instrumentalities to infringe the asserted patent in the State of Texas by using the methods covered

by the '956 Patent. Therefore, this Court has personal jurisdiction over the Defendant under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

13.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Apple has committed acts of infringement in this District by importing, selling, offering to sell, and/or using the Accused Instrumentalities in this District, and has a regular and established place of business in this District. *See, e.g.*, https://www.apple.com/retail/willowbend/ (showing Apple Willowbend located at 6121 West Park Boulevard, Plano, TX 75093); https://www.apple.com/retail/stonebriar/ (showing Apple Stonebriar located at 2601 Preston Road, Frisco, TX 75034).

## ASSERTED PATENT

14.     On July 18, 2000, the United States Patent and Trademark Office issued the '956 Patent, entitled "Situation Information System," a true copy of which is attached as Exhibit 1.

15.     Plaintiff is the owner by assignment of the '956 Patent and owns all right, title, and interest in the '956 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '956 Patent.

## APPLE'S KNOWLEDGE OF THE '956 PATENT

16.     Apple has cited the '956 Patent as relevant prior art in over 60 of its own patent filings and has had knowledge of the '956 Patent since at least 2009. *See, e.g.*, Exhibit 2.

17.     For example, during prosecution of Apple's European Patent EP 2 034 433, entitled "Dynamic Presentation of Location-Specific Information," Apple made specific arguments to overcome rejections based on the '956 Patent and also amended its specification to include a description of the '956 Patent.

18.     Specifically, the '956 Patent was cited as relevant prior art in the European Search Report for Apple's European Patent EP 2 034 433 on April 12, 2008.  *See* Exhibit 3 at pg. 2.

A Search Opinion was mailed on January 27, 2009, which identified the 956 Patent as prior art under the label "D2." Exhibit 3 at pg. 4. In the Search Opinion, the Examiner stated, "It is further noted that location-based information provision and presentation is well-known in the art as this is shown in D1 and D2." Exhibit 3 at pg. 5.

19.     On August 5, 2009, Apple filed a response to the Search Opinion making several arguments for patentability over the '956 Patent (referred to as "D2"): The first being that, "Although D1 and D2 may disclose local wireless networks, they are predominantly for those telecommunications devices, such as base stations of a mobile telephone system, and therefore are not local to a specific store, as the cell of a typical mobile phone network has much greater range and may encompass a number of different store." Exhibit 3 at pg. 10. Apple further argued that "neither D1 nor D2 relates specifically to identifying a currently played or recently played media item in a store." *Id*.  Apple also asserted that "D1 to D4 have been identified and their relevant disclosure described in detail in the introductory portion of the specification.  In view of the description of D1 and D2, it is believed that it will be apparent to a person of ordinary skill in the art what features, if any, of the invention can be considered common with the prior art." Exhibit 3 at pg. 11.

20.     Following this response, Apple amended its specification to include a description of the '956 Patent that reads: "US-6,091,956 describes a situation information system including a plurality of portable handheld devices having a variety of wireless communications functions and trackable by a satellite positioning systems. A department store can provide information and messages on the device to potential customer traveling nearby.  The device can include a bar-code reader to allow a stores' product database to be queried to sallow shopping without assistance from store personable.  With prior credit arrangements the shopper can also use the bar-code reader to

purchase items by scanning their bar codes.  Details of special offers can be transmitted to the devices which can also receive maps of the store to help customers find their way to desired merchandise." Exhibit 3 at pg. 13.

21.    Accordingly, Apple has had knowledge of the '956 Patent since at least 2009.

## CLAIM FOR RELIEF
### (Infringement of the '956 Patent)

22.    Plaintiff incorporates paragraphs 1 through 21 as though fully set forth herein.

23.    Upon information and belief, Defendant Apple directly infringed the '956 Patent in violation of 35 U.S.C. § 271(a) by using (including testing, demonstrating, displaying, making promotional use of, and/or otherwise using) the Apple Accused Instrumentalities (as defined above) in the United States.

24.    In addition, or in the alternative, Apple indirectly infringed one or more claims of the '956 Patent in violation of 35 U.S.C. § 271(b) by inducing users of the Accused Instrumentalities ("End Users") to directly infringe the '956 Patent through their use of Apple Maps provided on the Accused Instrumentalities.  Apple induced such infringement by at least making Apple Maps available on the Accused Instrumentalities it sells and providing links and/or other instructions on its website and the Internet for End Users to use Apple Maps on the Accused Instrumentalities. Apple is aware of this fact. Use of the claimed method for the "Situational Information System" is an essential part of the functionality of the Apple Accused Instrumentalities.

25.    Apple engaged in such activities knowingly and, at least from 2009 until at least June 12, 2017, did so with the knowledge that such activity induced End Users to directly infringe the '956 Patent.

26.     Notwithstanding Apple's knowledge of the '956 Patent as anticipatory prior art since at least 2009, and that its Apple Maps infringed the '956 Patent, Apple continued in acts of infringement without regard to the '956 Patent. Apple's infringement of the '956 Patent was, therefore, willful.

27.     More particularly, without limitation, in accordance with Claim 11 of the '956 Patent, for example, each of the Accused Instrumentalities enable performance of a method of communicatively executing, including making apparent to the aural and tactile senses of the user, one or more transmittable mappable hypertext items representing people, organisms, and objects, including buildings, roads, vehicles, and signs, on a computer in a manner scalably representing interrelationships of said objects. *See, e.g.*, Exhibit 4 at pg. 2-3.

28.     The method includes the step of searching each of one or more unique mappable information code sequences, each of which said code sequences serving to uniquely represent one of said items and copied from the memory of said computer or received from an alternate source, for a field containing geographical coordinates, said each of said code sequences includes an item reference field, a name field, a location field including said geographical coordinates, and a data field. *See, e.g.*, Exhibit 4 at pg. 4-10.

29.     The method includes the step of converting said coordinates to an appropriately proportionate representation on said computer. *See, e.g.*, Exhibit 4 at pg. 10-13.

30.     The method includes the step of displaying selectably scalably said items on said computer whereby said user may quickly receive and display timely situation information mapped in the context of spatial information, including appropriate to a geographical or other area, in which said mappable hypertext items are quickly received, mapped, and optionally executably selected

by said user to provide additional of said situation information or received, stored, and transmitted by a provider of said situation information. *See, e.g.*, Exhibit 4 at pg. 13-16.

31.     As a direct and proximate consequence of the acts and practices of Apple in willfully infringing, directly and/or indirectly, Claim 11 of the '956 Patent, LBSI has suffered injury and damages for which it is entitled to relief under 35 U.S.C. §§ 284 and 285 in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a)     A judgment in favor of Plaintiff that Apple has directly infringed Claim 11 of the '956 Patent;

(b)     A judgment that Plaintiff has been irreparably harmed by the infringing activities of Apple;

(c)     A judgment and order requiring Apple to pay Plaintiff damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for their usage made of the inventions of the '956 Patent, including pre- and post-judgment interest and costs, including expenses and disbursements;

(d)     A judgment awarding Plaintiff enhanced damages under 35 U.S.C. § 285;

(e)     A judgment awarding Plaintiff its costs as provided under Fed. R. Civ. P. 54(d)(1);

(f)     A judgment for pre- and post-judgment interest on all damages awarded;

(g)      A judgment awarding Plaintiff post-judgment royalties; and

(h)      Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: April 12, 2019                              Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:     */s/ Christopher M. Joe*
            Christopher M. Joe
            State Bar No. 00787770
            Chris.Joe@BJCIPLaw.com
            Eric W. Buether
            State Bar No. 03316880
            Eric.Buether@BJCIPLaw.com
            Niky R. Bagley
            State Bar No. 24078287
            Niky.Bagley@BJCIPLaw.com
            Michael C. Pomeroy
            State Bar No. 24098952
            Michael.Pomeroy@BJCIPLaw.com

            1700 Pacific Avenue
            Suite 4750
            Dallas, Texas 75201
            Telephone:     (214) 466-1272
            Facsimile:      (214) 635-1828

**ATTORNEYS FOR PLAINTIFF**
**LBS INNOVATIONS, LLC**