**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00119-JRG-RSP |
| | § | |
| APPLE INC., | § | |
| | § | |
| *Defendant.* | § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff LBS Innovations, LLC and Defendant Apple Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED –

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." Designations shall be made as follows:

(a) For documents produced in image format, the appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.

(b) For files produced natively, the designation shall be placed in the file name or noted in another reasonable manner.   No Party shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first providing a copy of the image format version to the Producing Party.

(c) For deposition and hearing transcripts, the designation shall be placed on each page of the transcript, and on any video recording medium (if not already present on the transcript or on such medium when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential – Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES

ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.   With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS, as well as any testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal DESIGNATED MATAERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.   A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any party

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

that inadvertently or unintentionally produces Protected Material without designating it as

DESIGNATED MATERIAL may request destruction of that Protected Material by notifying

the recipient(s), as soon as reasonably possible after the producing Party becomes aware of

the inadvertent or unintentional disclosure, and providing replacement Protected Material

that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently

or unintentionally produced Protected Materials and any documents, information or material

derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating party,

upon order of the Court, or as set forth in paragraph 12 herein:

(a)      outside counsel of record in this Action for the Parties, including partners, associates, and contract lawyers of such counsel;

(b)      employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action, including staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation and supporting personnel employed by the attorneys, such as technical advisors, paralegals, legal translators, legal secretaries, and legal clerks, and any copying or clerical litigation support services working at the direction of such counsel or paralegals;

(c)      in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, provided that such person has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party, and that no unresolved objections to the disclosure exist (under the procedure set forth in paragraph (e) below;

(d)      up to and including three (3) designated representatives of each of the Parties, who are officers or employees of a Party, to the extent reasonably necessary for the litigation of this Action, and identified in writing to the other Party at least three (3) days in advance, provided that such person has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party, and that no unresolved objections to the disclosure exist under the procedure set forth in paragraph (e) below.  Either

party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action and have not received an offer of future employment from, or discussed an offer of future employment with, a Party; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with the following materials:

i.      a current curriculum vitae of the consultant or expert, identifying the consultant's or expert's current employer and previous employers in the past (4) four years;

ii.     a list of all cases in which the consultant or expert has worked on in the past four (4) years; and

iii.    a list that identifies each person or entity for which the consultant or expert has consulted during the last four (4) years, and that identifies the general subject matter of the work (subject to any confidentiality obligations that may exist as to such consulting, as to which the consultant or expert shall exercise reasonable efforts to obtain permission to disclose at least the industry segment and general subject area of the technology);

iv.     an identification of all pending patent applications on which the Person is named as an inventor, or in which the Person has any ownership interest; and

v.      a list of the cases in which the Person has testified at deposition or trial within the last four (4) years.

Such information will be provided at least ten (10) calendar days before access to the Protected Material is to be given to allow the Producing Party to notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice of the objection, or within such other time as the Parties may agree, seeking a protective order with

respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.  Further, the receiving Party shall promptly notify the producing Party if, before final resolution of the litigation, the status of an individual with respect to whom the above disclosures are made changes with respect to that individual's involvement in designing, developing, or patenting technology related to mapping or to the delivery of location-based information. This procedure shall also apply to objections to disclosures under paragraph (d) above, if any;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services including mock jurors, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided that any such persons have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential; and

(g)     the Court and its personnel and the jury as well as any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or

competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(a)  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(b)  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

8.    Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further

limitation because its disclosure is likely to cause economic harm or significant competitive disadvantage, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY." The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity. To the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

10.    For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g); provided, however, that access pursuant to paragraph 5(a-b) and (e) be limited to individuals who exercise no competitive decision-making authority on behalf of the client. Further, any individual who accesses material designated RESTRICTED – ATTORNEYS' EYES ONLY or RESTRICETD CONFIDENTIAL SOURCE CODE under paragraph 5(d) must access the materials in the United States only, and not transport them to or access them from any foreign jurisdiction.  Material designated RESTRICTED – ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE may not be disclosed to mock jurors without the written consent of the Producing Party.

11.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply, unless the producing Party and the receiving Party agree otherwise. For the purposes of this Protective Order, "Source Code" and/or "Source Code Material" means human-readable files in a form suitable for input to a pre-processor, assembler, compiler, or translator (including any comments therein), and scripts, assembly, binaries, object code, source code listings, source code descriptions, object code listings, object code descriptions, or Hardware Description Language (HDL) files[2] that the Producing Party believes in good faith are not generally known to others and have significant competitive value such that unrestricted disclosure to others would harm the Producing Party, and which the Producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence.  For purposes of this paragraph, a "description . . . of source code" or object code is a summary or description of the operation or contents of a specific code project, file, or method.  A document shall not comprise a "description" of source code, or qualify for protection as source code, merely because it describes functionality that is implemented in software or code.  If only a portion of an ESI document qualifies as source code, the producing Party shall redact the portions that so qualify and produce the redacted version.  The unredacted version shall be placed, in full, on the secure source code computer. Non-source code pages of such ESI documents printed from the secure source code computer shall not count towards the printing limit.

---

[2] Further, the Parties presently do not expect discovery in this case to involve production of Register Transfer Level (RTL) files or other files that describe the hardware design of any ASIC or chip at the RTL level.  If such discovery becomes an issue, the Parties agree to meet and confer to discuss whether and how the provisions of Paragraph 11 would apply to such material.

Once a producing Party makes its Source Code available, prior to the first inspection of any requested Source Code, the Receiving Party shall provide five (5) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide five (5) days notice prior to any additional inspections.  Each such notice will include the names of the person(s) conducting the inspection. Source Code shall be made available according to the following:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer or a device capable of temporarily storing electronic copies solely for the limited purposes pursuant to paragraphs 10(h) and (i) below. The stand-alone computer(s) will be placed in a secured room at the Chicago offices of the Producing Party's outside counsel (Goldman Ismail Tomaselli Brennan & Baum) or other location as agreed upon by the Parties.  The producing Party shall also be entitled to have a person who is not an attorney visually monitor, from outside of the secured room, the Receiving Party's actions in the secured room to ensure compliance with the provisions of this Order governing source code provided, however, that said person shall not be permitted to view, from outside the secured room, the screen of the standalone computer, and shall not be permitted to view any work product generated by the receiving Party's representative(s).   Unless otherwise agreed, persons conducting an inspection of Source Code under this order shall remove all materials and notes from the room in which the review is conducted at the end of each day of such review;

(b)     All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.

(c)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time.  However, upon reasonable notice from the receiving Party, the

producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(d)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(e)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(f)    Access to Protected Material designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall be limited to outside counsel and their employees as defined by paragraphs 5(a) and 5(b) above, and up to three (3) outside consultants or experts[3] (but not employees or affiliates of a Party or employees of an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, infringement contentions, discovery document, deposition transcript, or other Court document (a "Source Code Document") only if reference to the Source Code by production numbers is inadequate, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Party making the filing shall make reasonable efforts to provide notice at least two (2) days in advance that it intends to file Source Code under seal;

(g)    To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(h)     No electronic copies of Source Code Material (including scans or photographs) shall be made without prior written consent of the producing Party, except as provided in paragraph 10(f) above and as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(i)     The receiving Party shall be permitted to make a reasonable number of printouts of Source Code Material, which shall be limited to 500 pages, with no contiguous block greater than 20 pages, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare for depositions or court filings or pleadings or other papers (including a testifying expert's expert report). The receiving Party may request to print additional pages beyond the aforementioned limits and the Parties will meet and confer in good faith regarding such a request. The producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages requested for printing by the receiving Party. All requested printouts shall be provided to the receiving Party within three (3) business days of the request, unless the Producing Party objects within that time that the printouts exceed the limits herein or are done for an improper purpose. If, after meeting and conferring within two (2) days, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution regarding its request.  The Producing Party shall retain a copy of the printouts provided to the Receiving Party. The receiving Party shall be permitted to print the folder structures containing the Source Code Material, including the filenames contained therein. Such printout of the folder structure shall be clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and such printout shall not count against the aforementioned page limits.

(j)     The receiving Party may make up to three (3) paper copies of any printouts of Source Code Material (excluding copies used in Court filings, expert reports, or discovery documents), provided that such copies will be subject to the same restrictions as the Source Code Material itself.  The receiving Party shall maintain a log of all printouts and copies of Source Code Material together with the names of all individuals to access them and the

dates thereof; this log shall be provided to the producing Party on two (2) days' notice.

(k)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(l)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper (except that court filings, expert reports, contentions, or discovery documents containing source code, or other electronic documents containing code that are authorized under this Order, may be transported on encrypted or removable electronic media (*e.g*., a DVD, CD-ROM, or flash memory "stick")) via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported for the purpose of Court proceeding(s), source code review and/or analysis, or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein;

(m)     Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers, unless otherwise agreed by the producing Party. All paper copies of Source Code brought to the deposition must be returned to the receiving Counsel following the deposition for secure transport back to the secured locked area in the offices of the receiving Counsel. For purposes of deposition, the receiving party may make a reasonable number of additional copies of source code; and

(n)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

12.     The receiving Party may request that the producing Party install commercially available software tools of the receiving Party's choice for viewing and searching Source Code on the secure computer(s) containing Source Code at the requested date and time of inspection, provided, however, that such other software tools are in compliance with all of the terms, conditions, and protections herein. Software tools may include, but are not limited to, Eclipse, Microsoft Visual Studio, Visual Slick Edit, Source-Navigator, PowerGrep, ExamDiff Pro, Understand, Notepad++, Windows GREP, dtSearch, Beyond Compare, Crimson Editor and similar programs.[4]   At least fourteen (14) business days in advance of the inspection at which the use of such tools is requested, the receiving Party must provide the Producing Party with the software tool(s) either via a CD or DVD containing such software tool(s) or directions for downloading the software tool(s). The receiving Party is responsible for the cost of and for obtaining any necessary licenses for any such software tool(s). The software tool(s) provided by the receiving Party shall not be modified by the producing Party prior to or after installation; and

13.     The producing Party may not configure its Source Code in a manner that differs from the way in which the Source Code is kept in that Party's ordinary course of business and unreasonably impedes or slows the receiving Party's ability to inspect the Source Code or allows the producing Party to monitor the receiving Party's inspection (e.g., key logging, video capture, in-person monitoring, etc.). The receiving Party's Outside Counsel and retained experts or consultants otherwise allowed to view Source Code shall be entitled to take notes relating to the Source Code provided, however, that no one may copy Source

---

[4] The producing Party need not install any tools that will not execute on the secure computers containing Source Code, for instance because the tools are not compatible with macOS, and need not install any compilers on the secure computers.

14

Code into said notes. The reviewer shall be permitted to write down function names, parameter names, and file paths in their notes.  No provision in this section gives the producing Party the right to inspect or review any notes and/or other work product of the receiving Party. However, if the Producing Party has good cause to believe that the provisions of this Protective Order have been violated, then the producing Party may request that the Court conduct an *in-camera* review of said notes. Further, the producing Party shall provide on the secure computer (upon request of the receiving Party) a tool that allows the review to convert source code files or portions of files to PDF format for printing under this Order.

14.   Absent written consent from the producing Party, any individual who receives, on behalf of the Plaintiff, Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL") shall not prepare, prosecute, supervise, advise, assist or otherwise be involved in the preparation or prosecution, or acquisition, of any patent or patent application (foreign or domestic) pertaining to the field of the invention of the patents-in-suit (including software that provides information about events or conditions associated with places that a user of a computer device may encounter or consider visiting) during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, the Parties shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or any acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit. Nothing in

this paragraph shall prevent any attorney or person associated with a receiving Party that has received another party's or non-party's HIGHLY SENSITIVE MATERIAL from participating in any way in any post-grant patent proceedings (e.g., reexamination, *inter partes* review, post-grant review, and/or the transitional program for covered business method patents) that is instituted or sought to be instituted challenging the validity of any Patent-in-Suit, any patents within the same family as a Patent-in-Suit, or any patents to which a Patent-in-Suit claims priority; however, said attorney or person may not assist the Party in drafting, amending, or proposing for substitution to the PTO patent claims in said post grant proceeding(s).

15.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings

by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

16.      There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

17.      Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, someone who has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 5 and 11 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to paragraphs 5 and 11 of this Order); (vii) a court reporter or videographers; (viii) the Court; or (ix) another person entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

18.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

19.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material,

such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  The Parties reserve the right to request that the courtroom be sealed, or that other precautionary measures be taken, if any DESIGNATED MATERIAL is discussed or introduced in evidence at trial.

21. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has

agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

23. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

25. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. However, notwithstanding this requirement, Outside Counsel may retain DESIGNATED MATERIAL incorporated into court filings, pleadings, expert reports, written discovery

responses, and communications for archival purposes and are not required to delete information that may reside on their respective back-up systems; however, Outside Counsel agree that no Protected Material shall be retrieved from the electronic back-up systems or archives to be used for any purpose after conclusion of this litigation. This paragraph notwithstanding, there shall be no obligation to return, purge, or destroy Protected Documents or Confidential Information that are inseparably integrated into outside counsel's work product, even if those materials have been specifically labeled Confidential.  No documents containing Source Code shall be retained, although the producing Party shall, upon request, provide redacted versions of any such documents that may be retained, within a reasonable time. The party or parties receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

26.   The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude a request at a later date seeking to impose such designation (pursuant to Paragraph 4 above) or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such

relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or alleged to be intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.  In addition, in the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material

28.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.    Protected Material must be stored and maintained by a receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

30.    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such

Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

31. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

32. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

33. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order. All disputes concerning DESIGNATED MATERIAL produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.

**SIGNED this 2nd day of August, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. 2:19-cv-00119-JRG-RSP |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| | § | |
| *Defendant.* | § | |

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____. My

current  employer  is  _____.  My

current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes  of  this  action  any  information  designated  as  "CONFIDENTIAL,"

"RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" that is disclosed to me.

4.    Promptly upon final  termination of this action, I will return all documents and things

designated as  "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature: _____

Date: _____