**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LBS INNOVATIONS, LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No.      2:19-cv-00119-JRG-RSP<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S MOTION TO STRIKE THE UNTIMELY
EXPERT DECLARATION OF SCOTT A. DENNING AND EXHIBITS 4–7
TO PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF**

I. **INTRODUCTION**

Together with its opening claim construction brief, Plaintiff LBS Innovations submitted a never-before-disclosed expert declaration. It also attached four briefs from other cases whose arguments it purports to "incorporate by reference." These exhibits (Dkt. No. 54, Exs. 4–7) violate the Court's local rules, and Apple respectfully moves the Court for an order striking them.

*First*, when LBSI filed its opening claim construction brief, it attached an expert declaration from an individual named Scott A. Denning. (Dkt. No. 54, Ex. 8.) Although LBSI had had this declaration for years, this was the first time Apple learned that LBSI intended to rely on Mr. Denning's testimony. And it was the first time LBSI provided Mr. Denning's declaration to Apple. LBSI's surprise disclosure violates Local Patent Rules 4-2 and 4-3, which required LBSI to have disclosed Mr. Denning's name and declaration months ago. By not following the rules, LBSI deprived Apple of the opportunity to depose Mr. Denning during claim-construction discovery, or to identify evidence to rebut his opinions. Mr. Denning's declaration should therefore be stricken.

*Second*, LBSI violated the Court's page limits for claim construction briefs. After using the full 30 pages of argument allocated to it, LBSI attached four legal briefs from other cases involving the patent at issue here. (Dkt. No. 54, Exs. 4–7.) It directed the Court to these briefs for "further analysis on [the] issue" of whether the preamble of the patent-in-suit is limiting. By attaching dozens of pages of argument as "exhibits," LBSI improperly expanded its page limits without leave of court. These exhibits violate the local rules, too, and should also be stricken.

II.     **ARGUMENT**

    A.     **The Court Should Strike The Denning Declaration Because It Was Not Identified Or Disclosed To Apple Prior To LBSI Filing Its Opening Brief, In Violation Of Patent Rules 4-2 And 4-3.**

Despite two separate Patent Rules requiring LBSI to disclose the Denning Declaration well before filing its opening claim construction brief, LBSI did not do so. As Judge Gilstrap concluded under similar circumstances in *Uniloc*, this non-compliance with the Court's rules warrants striking the declaration. (Order, Dkt. No. 59, Case No. 2:18-cv-00508-JRG (E.D. Tex. Jan. 6, 2020) ("*Uniloc* Order").)

Scott Denning is, apparently, a computer programmer who first served as a retained technical consultant for LBSI in a lawsuit it brought against Nokia. (Dkt. No. 54, Ex. 8.) In October 2016, Mr. Denning signed a 27-page declaration opining on the construction of various terms in U.S. Patent No. 6,091,956 ("the '956 Patent"). (*Id.*) The '956 Patent is the patent LBSI had asserted against Nokia, and it is the patent in suit here.

The parties in this case began making their claim construction disclosures regarding the '956 Patent in November 2019. (Dkt. No. 21.) At that time, LBSI had had the Denning Declaration in its possession for over three years. (*See* Dkt. No. 54, Ex. 8 at 27.) Despite this, LBSI's claim-construction disclosures gave no hint that LBSI intended to rely on expert testimony. These disclosures did not mention Mr. Denning's name. They did not include a summary of Mr. Denning's testimony. Indeed, LBSI's disclosures never mentioned any expert testimony at all—not in its Patent Rule 4-2 disclosures, not with the parties' Patent Rule 4-3 chart, and not at any other time. (Ex. 1, LBSI Patent Rule 4-2 Disclosures[1]; Dkt. No. 47.) And, prior to filing its opening claim construction brief, LBSI never produced the Denning Declaration to Apple.

---

[1] Exhibits attached hereto are to the Declaration of Michael Pieja ("Pieja Decl.").

On January 29, however, LBSI attached the Denning Declaration to its opening claim construction brief. That brief cites 29 separate paragraphs of the Denning declaration in support of arguments regarding the appropriate level of skill in the art and the proper construction of certain disputed terms in the '956 Patent. (Dkt. No. 54 at 6, 7, 27, 28, 29.)

In attempting to rely on the Denning Declaration in this case, LBSI has violated two of this Court's rules. First, LBSI violated Patent Rule 4-2, which requires a party to identify, among other things, the "testimony of percipient and expert witnesses they contend support their respective claim constructions." E.D. Tex. Patent L.R. 4-2(b). This disclosure must include, "[w]ith respect to *any* such witness, percipient or expert, . . . the identity and a brief description of the substance of that witness' proposed testimony." *Id*. (emphasis added). The deadline for the parties to comply with Patent Rule 4-2 here was November 22, 2019. (Dkt. No. 21 at 4.) But LBSI's Rule 4-2 disclosures did not identify *any* witness testimony, expert or otherwise. (Ex. 1.) Nor did these disclosures mention Mr. Denning's name. (*Id*.)

Second, LBSI also violated Patent Rule 4-3, which requires a party to provide "a disclosure of expert testimony consistent with Fed. R. Civ. P. 26(a)(2)(B[)](i)-(ii) or 26(a)(2)(C) for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's" positions. P.R. 4-3(b). The referenced section of the Federal Rules, in turn, requires disclosure of "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Here, the deadline for the parties to comply with Patent Rule 4-3 was December 18, 2019. (Dkt. No. 21 at 4.) Once again, that deadline came and went, and LBSI disclosed not a peep about Mr. Denning—or about *any* witness testimony on which it intended to rely. (Dkt. No. 47.)

3

LBSI thus failed to comply with Patent Rules 4-2 and 4-3 regarding the Denning Declaration. This Court routinely strikes or excludes expert declarations submitted in violation of these rules. For instance, in *Uniloc,* the plaintiff, Uniloc, failed to identify its expert in its Rule 4-2 disclosure or to provide a declaration with its Rule 4-3 statement. (*Uniloc* Order at 2–3.) Uniloc actually provided ***more*** disclosure than LBSI did, here—it provided its expert's name in its Rule 4-3 disclosure. (*Id.*) And it "served its 'rebuttal [expert] disclosure' on the last day of claim construction discovery," before briefing had begun. (*Id*. at 4.) Yet the *Uniloc* Court still struck the declaration, finding that the plaintiff's lack of timely disclosure "prevent[s] [the parties] from preparing meaningful claim construction briefs and resolving disputes as intended by the rules." (*Id*. at 4.) The Court also noted that failing to timely disclose an expert declaration "prevented [the defendant] from deposing [the plaintiff's] expert." (*Id.*)

Similarly, in *Advanced Marketing Systems*, *LLC v. CVS Pharmacy*, *Inc.*, the Court struck an expert declaration because the party that offered it "fail[ed] to disclose [the] testimony before its Opening Claim Construction Brief." No. 6:15-cv-134-JRG-KNM, 2016 WL 1741396, at *6 (E.D. Tex. May 3, 2016). And in *Lodsys*, *LLC v. Brother International Corporation*, the Court held that "a party may not rely upon an expert declaration that is produced for the first time along with the party's claim construction brief." No. 2:11-cv-90-JRG, 2013 WL 6442185, at *1 (E.D. Tex. Mar. 12, 2013).

Just as in *Uniloc*, *Advanced Marketing*, and *Lodsys*, the Court should strike LBSI's untimely declaration, here. As in *Uniloc*, Apple was prejudiced by LBSI's disclosure failures because it could not take Mr. Denning's deposition during the claim-construction discovery period and use that testimony to attack his declaration. (*Uniloc* Order at 4.) Indeed, LBSI compounded this prejudice by refusing to voluntarily produce Mr. Denning for deposition ***even after*** disclosing

4

his declaration. (Pieja Decl. ¶ 5.) LBSI is thus attempting to shield the Denning Declaration from both disclosure and deposition—a direct violation of this Court's rules.

LBSI has suggested that its violation of the Court's rules is permissible for three reasons, none of which has merit. First, LBSI claimed that it "could not have disclosed Mr. Denning as its expert at the 4-2/4-3 stage" because "LBSI has not retained Mr. Denning." (Ex. 2, 2/6/20 Bagley Email to Abendshien.) This argument has no support in the facts or the law. The very first line of the declaration submitted by Mr. Denning states that "I have been retained as an expert by LBS Innovations, LLC." (Dkt. No. 54, Ex. 8 at ¶ 1.) Assuming this statement is true, at some point, Mr. Denning was retained by LBSI and is therefore subject to disclosure as an expert. Further, Rule 4-2 explicitly requires disclosure of the testimony of "any" witness, including "percipient or expert" witnesses. P.R. 4-2(b). The rule does not require that a witness first be "retained" in order to be subject to its disclosure requirements. Even if LBSI believed (wrongly) that Mr. Denning was a percipient witness, it was still obligated to disclose his testimony.

Second, LBSI has suggested that the Denning Declaration was filed on the docket of another case and was therefore publicly available. (Ex. 2.) This is irrelevant. Patent Rules 4-2 and 4-3 contain no exception for information that is "publicly available." Indeed, extrinsic evidence such as "dictionary definitions" and "learned treatises" are publicly available—yet Rule 4-2 requires their disclosure. P.R. 4-2(b). Third, LBSI has suggested that the Denning Declaration is not very important because of its "limited use." (Ex. 2.) If that is the case, the remedy is for LBSI to withdraw the declaration and avoid wasting the Court's time with motion practice. Further, LBSI's claims are belied by the fact that it cited almost 30 paragraphs from the Denning Declaration throughout its claim construction brief. (Dkt. No. 54 at 6 (citing paragraphs 15–18,

19, and 20); *id.* at 7 (citing paragraph 21); *id.* at 27–28 (citing paragraph 40); *id.* at 29 (citing paragraphs 42–62).)

LBSI's submission of the Denning Declaration violates this Court's rules. Because there is no cause for LBSI's non-compliance, the declaration should be stricken.

### B. The Court Should Strike Four Exhibits Comprising Legal Briefs From Other Cases That LBSI Attempts To Incorporate By Reference Because They Are An Improper Attempt To Exceed The Court's Page Limits.

In addition to relying on undisclosed expert testimony, LBSI's opening brief improperly sidesteps the Court's page limits by incorporating pages of legal argument from briefs in other cases. Under Patent Rule 4-5 and Local Rule CV-7(a)(1), a party's opening claim construction brief may not exceed 30 pages. Here, LBSI's opening brief is itself 30 pages, thus using the full amount of space the Court permits. (Dkt. No. 54 at 30.) In an effort to get around the page limit, LBSI attaches, as exhibits, four *other* claim construction briefs LBSI filed in other cases involving the '956 Patent. (Dkt. No. 54, Exs. 4–7.) LBSI cites these briefs in its discussion of a key issue—whether the preamble of the asserted claim is limiting. (Dkt. No. 54 at 12.) The four briefs cited by LBSI contain, in total, 11 pages of argument relating to this point. (*Id.*, Ex. 4 at 8–13, Ex. 5 at 4, Ex. 6 at 1–4.) LBSI claims to "incorporate[] by reference" all of this argument, urging the Court to consult these briefs if "further analysis on this issue is needed." (*Id.* at 12.)

LBSI's attempt to "incorporate by reference" extensive legal argument is an improper effort to use self-help to sidestep this Court's 30-page briefing limit. Courts routinely refuse to accept argument that is "incorporated by reference" for exactly this reason. (*E.g.*, Order at 2, Dkt. No. 201, *Phoenix Licensing, LLC v. Consumer Cellular, Inc.*, Case No. 2:16-cv-00152-JRG-RSP (E.D. Tex. Nov. 20, 2016) ("the Court finds that incorporating arguments by reference is improper and would circumvent the page limit requirements established by the Court's Local Rules").) Here, Apple has not had a fair opportunity to respond to LBSI's additional material—because of its own

6

page limits and because LBSI has provided no explanation of which portions of the incorporated material on which it intends to rely. The Court should thus strike LBSI's "incorporated" legal briefs for violating the Court's page limits. *See Ironshore Europe DAC v. Schiff Hardin*, *LLP*, No. 2:17-cv-00431-JRG, 2018 WL 4183245, at *1 (E.D. Tex. Jan. 30, 2018) (striking brief for violating 10-page limit and ordering submission of conforming brief); Order, Dkt. No. 23, *McKool Smith*, *P.C. v. Curtis Int'l Ltd.*, Case No. 3:15-cv-1685-M (N.D. Tex. Jul. 14, 2015) (striking brief for exceeding 25-page limit).

        **C.    The Court Should Order LBSI To Pay Apple's Attorneys' Fees For The Instant Motion As A Sanction For Violating The Court's Rules.**

Finally, the Court should direct LBSI to pay Apple's attorneys' fees, for having to bring the instant motion, as a sanction for its clear violations of the Court's rules. The Court has the inherent authority to enforce its local rules, including by sanctioning a party for violations of such rules. *E.g.*, *Baugh v. Astrue*, No. 3:08-01237-HU, 2011 WL 4738272, at *1 (D. Or. Oct. 5, 2011) (awarding attorneys' fees as a sanction, and noting that "[t]his court's power to sanction attorneys for violations of local rules and to rein in abusive conduct is both inherent, and legislatively derived from the court's authority to promulgate rules" (citations omitted)); *Lundahl v. Am. Bankers Ins. Co. of Florida*, No. 2:12-cv-280-SWS, 2014 WL 11369429, at *2 (D. Wyo. Feb. 5, 2014) ("A federal court may impose sanctions against a party who . . . fails to comply with local or federal procedural rules, such authority deriving from statutes, rules of civil procedure, and [the court's] inherent power to manage their proceedings." (citations omitted)). Here, LBSI violated multiple rules by failing to properly disclose the Denning Declaration.

LBSI's conduct, which necessitated the filing of this motion, is particularly worthy of a sanction for several reasons. First, LBSI had the Denning Declaration in its possession at all times during the claim construction process; it therefore cannot claim this declaration is newly-acquired

evidence to "rebut" Apple's evidence. Second, LBSI did not miss compliance with the Court's rules by a few days or weeks, or even by disclosing Mr. Denning at the Rule 4-3 stage rather than the Rule 4-2 stage. Rather, it made no effort to disclose Mr. Denning, in any form, at any point in the claim-construction process. This fact suggests LBSI did not make a meaningful effort to comply with the Court's rules. Third, Apple shared the *Uniloc*, *Advanced Marketing Systems*, and *Lodsys* cases with LBSI and explained that under this caselaw, the Denning Declaration was improper. But LBSI refused to either withdraw the declaration or provide any authority, from this or any other court, justifying its position. This behavior wasted the parties' and the Court's limited resources. As a result, Apple respectfully requests that LBSI be ordered to pay the fees Apple incurred in bringing this motion.

### III. CONCLUSION

Because LBSI failed to disclose the Denning Declaration before filing its opening claim construction brief, as required by the Court's Patent Rules, the Court should strike that declaration and the portions of LBSI's claim construction brief that refer to it. In addition, because LBSI's incorporation by reference of four other legal briefs into its argument is an improper run around the Court's page limits, the Court should strike the exhibits containing those briefs as well.

Date: February 21, 2020

Respectfully submitted,

By: /s/ Michael T. Pieja
Michael T. Pieja (*pro hac vice*)
Doug Winnard (*pro hac vice*)
Lauren Abendshien (*pro hac vice*)
Shaun Zhang (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191

8

mpieja@goldmanismail.com
dwinnard@goldmanismail.com
labendshien@goldmanismail.com
szhang@goldmanismail.com

Melissa R. Smith
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Defendant Apple Inc.*

9

## CERTIFICATE OF CONFERENCE

I hereby certify that, prior to filing this motion, counsel for Apple complied with the meet-and-confer requirement of L.R. CV-7(h). Specifically, on February 5, 2020, counsel for Apple (Lauren Abendshien and myself) met and conferred telephonically with counsel for LBSI (Niky Bagley and TJ Gohn). During these discussions, LBSI's counsel stated that LBSI would not withdraw either the Declaration of Scott A. Denning or Exhibits 4–7 to LBSI's Opening Claim Construction Brief. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ *Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT APPLE INC.'S MOTION TO STRIKE THE UNTIMELY EXPERT DECLARATION OF SCOTT A. DENNING AND EXHIBITS 4–7 TO PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF** was filed electronically this 21st day of February 2020, in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ *Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)