IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
|     *Plaintiff*, | § | |
| v. | § | Case No. 2:19-cv-00119-JRG-RSP |
| APPLE INC., | § | |
|     *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Apple Inc.'s Motion to Strike. Dkt. No. 60.[1] Apple argues that the expert declaration submitted by Plaintiff LBS Innovations, LLC's ("LBSI") expert Scott A. Denning (Dkt. No. 54-8) should be stricken for two different reasons. Dkt. No. 60. First, Apple argues that the declaration should be stricken because the Denning Declaration was not identified or disclosed to Apple prior to LBSI filing its opening claim construction brief, in violation of Local Patent Rules 4-2 and 4-3. *Id*. at 2–6. Second, Apple argues that the Court should strike four exhibits[2] comprising legal briefs from other cases that LBSI attempts to incorporate by reference because they are an improper attempt to exceed the Court's page limits. *Id*. at 6–7. Apple also requests that LBSI be required to pay for Apple's attorneys' fees that it incurred as a result of the Motion to Strike. *Id*. at 7–8.

After due consideration, the Motion to Strike is **GRANTED-IN-PART**. The failure to identify the Denning declaration was a violation of Local P.R. 4-2(b) and 4-3, and the filing the briefing from other cases as exhibits to the Motion to Strike effectively circumvented the Court's

---

[1] All citations within to documents provided from the CM/ECF system refer to page numbers provided in the original documents rather than the page number provided by the CM/ECF system unless otherwise noted.

[2] The exhibits include Exhibit 4 (Dkt. No. 54-4), Exhibit 5 (Dkt. No. 54-5), Exhibit 6 (Dkt. No. 54-6), and Exhibit 7 (Dkt. No. 54-7) to the LBSI's opening claim construction brief.

page limits for claim construction briefing. Thus, to the extent Apple's Motion seeks to strike the Denning Declaration and strike portions of the exhibits that were incorporated by reference, the Motion is **GRANTED**. The Court **DENIES** the Motion to the extent Apple seeks attorneys' fees for the filing of this Motion.

## I. VIOLATION OF LOCAL PATENT RULES

### a. Applicable Law

Local Patent Rule 4-2 requires the exchange of preliminary claim constructions and extrinsic evidence approximately thirty (30) days after the service of Invalidity Contentions. P.R. 4-2(b) provides that:

> At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and ***testimony of percipient and expert witnesses they contend support their respective claim constructions or indefiniteness positions***. . . . With respect to any such witness, percipient or expert, the parties shall also provide the identity and a brief description of the substance of that witness' proposed testimony.

(emphasis added).

Local Patent Rule 4-3 requires the submission of a Joint Claim Construction and Prehearing Statement not later than sixty (60) days after service of Invalidity Contentions. P.R. 4-3(a)(2) requires this Joint Claim Construction and Prehearing Statement to include:

> Each party's proposed claim construction or indefiniteness position for each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that position, and an ***identification of any extrinsic evidence known to the party on which it intends to rely either to support its position or to oppose any other party's position***, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and ***testimony of percipient and expert witnesses*** . . . .

(emphasis added).

Other portions of the Local Patent Rules are relevant here for context. Local P.R. 4-4 provides: "Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement." Additionally, the party claiming infringement is required to serve and file an opening brief not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement. P.R. 4-5(a).

### b. Analysis

Here, the Denning Declaration should be stricken. The Denning Declaration constitutes a declaration that falls within the purview of P.R. 4-2 and 4-3, but the Denning Declaration was not disclosed as required under those rules. Apple argues that the Denning Declaration was not disclosed until the filing of LBSI's opening brief, LBSI does not dispute this point. The opening brief was filed on January 29, 2020 (Dkt. No. 54), the Joint Claim Construction and Prehearing Statement required by P.R. 4-3 was filed on December 20, 2019 (Dkt. No. 47), and LBS filed its Notice of Compliance with P.R. 4-2's requirement for Preliminary Claim Constructions and Extrinsic Evidence on November 22, 2019 (Dkt. No. 42). By disclosing the Denning Declaration for the first time in the opening brief, the declaration was disclosed sixty-eight (68) days after it was required to be disclosed in the preliminary claim constructions and forty (40) days after it was required to be disclosed in the Joint Claim Construction and Prehearing Statement. Further, the close of claim construction discovery effectively fell on Monday, January 20, 2020, so the Denning Declaration was first brought to Apple's attention nine (9) days after the close of claim construction discovery, effectively precluding Apple from deposing Mr. Denning. *See* P.R. 4-4.

In response, LBSI argues that the Denning Declaration does not fall within the requirements of P.R. 4-2 and 4-3. LBSI argues that those rules only require declarations and/or the disclosure of expert witnesses if they will support a party's respective claim constructions or indefiniteness positions. Dkt. No. 65 at 1. LBSI argues that the Denning Declaration is merely being used to show that the current claim construction positions taken by LBSI are consistent with positions taken by LBSI in previous litigation over this patent. *Id.*

The Court rejects LBSI's argument. Even accepting as true that the Denning Declaration is limited to showing the consistency of the arguments presented here, that declaration would still fall within the purview of P.R. 4-2 and 4-3. LBSI fails to point to any other cases where this Court has recognized such an exception, and a common sense reading of the rule suggests that the declaration falls within the requirements of Rule 4-2 and 4-3. By arguing that the claim construction positions in this case are consistent with claim construction positions taken in previous cases, the Denning Declaration necessarily provides support for LBSI's claim construction positions in this case.

Moreover, a review of the Denning Declaration reveals that the declaration is being used to support LBSI's claim constructions and indefiniteness positions, and it does much more than simply showing that the claim construction positions taken here are consistent with previous claim construction positions. Denning opined on the level of skill in the art (Dkt. No. 54-8 at ¶¶ 15–21) and opined on issues of indefiniteness (*id.* at ¶¶ 36–71, ¶ 37 ("After careful consideration, I have concluded that the claim phrases are not indefinite, sufficiently inform those skilled in the art about the scope of the invention, and provide clear notice of what is being claimed.")). A significant portion of Denning's discussion on indefiniteness issues focuses on text within the patent specification, not prior arguments made by LBSI in previous cases. *See, e.g., id.* at ¶¶ 66, 69.

Consequently, the Denning Declaration should have been disclosed pursuant to P.R. 4-2 and 4-3, yet it was not. Plaintiff has not shown good cause to use this declaration despite the disclosure violation. The Court therefore **STRIKES** the Denning Declaration.

## II. PAGE LIMITATIONS

Apple argues that LBSI improperly attempted to exceed the page limits prescribed for claim construction briefing by incorporating briefing from previous cases by reference. Dkt. No. 60 at 6–7. Apple argues that LBSI cited these briefs on the critical claim construction issue of whether the preamble of the asserted claim is limiting, and the briefs contain 11 pages in total of argument on this issue. *Id*. LBSI's claim construction brief addressed this preamble issue and concluded that discussion by stating that "[t]o the extent further analysis on this issue is needed, LBSI incorporates by reference its prior briefing." Dkt. No. 54 at 12.

Unless the Court grants leave to exceed the page limitations, a plaintiff's opening claim construction brief is limited to thirty (30) pages. P.R. 4-5(e); Local Rule CV-7(a)(1). LBSI's opening brief was itself thirty (30) pages long. Dkt. No. 54. Thus, by "incorporating by reference" eleven additional pages, LBSI's opening claim construction brief was effectively forty-one (41) pages long. The practice of "incorporation by reference" should not be used as a means to circumvent the page limitations.

The Court **GRANTS** Apple's Motion with respect to its arguments that LBSI exceeded the page limitations. It is therefore **ORDERED** that Exhibits 4, 5, 6, and 7 are stricken from LBSI's opening brief.

## III. SANCTIONS

The Court **DENIES** Apple's request for attorneys' fees related to the filing of the present Motion. The Court cannot conclude that LBSI was acting in bad-faith by failing to disclose this

declaration and by incorporating previous briefing by reference. The harm of any violations was relatively small here, and the Court concludes that striking the declaration and any briefing incorporated by reference is a sufficient remedy.

## IV. CONCLUSION

Apple's Motion is therefore **GRANTED-IN-PART**. To the extent Apple's Motion seeks to strike the Denning Declaration and strike portions of the exhibits that were incorporated by reference, the Motion is **GRANTED**. The Motion is **DENIED** to the extent it seeks attorneys' fees for the filing of this Motion.

**SIGNED this 24th day of March, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE