**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LBS INNOVATIONS, LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>           Defendant. | Case No.     2:19-cv-00119-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER ON
CLAIM CONSTRUCTION PURSUANT TO FED. R. CIV. P. 72(A)**

Pursuant to Fed. R. Civ. P. 72(a), Apple respectfully objects to, and requests that the Court overrule, the *Markman* order in this matter (Dkt. No. 81 or "Order") as specified below.

## I.  ARGUMENT

### A.  The Entire Preamble Of Claim 11 Is Limiting.

The Order erred in excluding one phrase—"making apparent to the aural and tactile senses of the user"—from its holding that the preamble of claim 11 is limiting. As the Order correctly noted, the preamble's antecedent references comprise a large portion of the preamble and "defin[e] in greater detail" elements referenced in the body of the claim. (Order at 14–15.) These structural features of the preamble mean that the preamble is limiting in its entirety. *Koninklikje KPN N.V. v. Samsung Elecs. Co.*, 2016 WL 2610649, *18 (E.D. Tex. May 6, 2016); *Proveris Sci. Corp. v Innovasystems, Inc.*, 739 F.3d 1367, 1373 (Fed. Cir. 2014).

The Order concluded that the "making apparent" phrase "is a distinct phrase which can be separated grammatically and logically from other phrases in the rest of the preamble . . . [and] is not 'intertwined' with the rest of the . . . preamble." (Order at 16–17.) But this phrase itself contains a term—"the user"—that provides antecedent basis and is admittedly limiting. (Order at 12, 14.) And the entire phrase is connected with, and provides detail about, the claim's later references to "the user," by explaining that this user must be the one to whose aural and tactile senses the claimed items have been "ma[de] apparent." The relevant phrase thus cannot be "separated" from the rest of the preamble and "cannot be parsed into limiting and non-limiting portions." *Blue Calypso, Inc. v. Groupon, Inc.*, 93 F. Supp.3d 575, 594 (E.D. Tex. 2015).

The Order also relied on a *Markman* order issued by then-Judge Folsom in 2013. But Apple's argument relies on post-2013 caselaw regarding when entire preambles are limiting. (*E.g.* Dkt. No. 56 at 4–7.) The Order does not address this authority. Accordingly, Apple respectfully requests that the Court sustain its objection and hold that all of claim 11's preamble is limiting.

1

### B. The Order Construed "Data Field," "Name Field," And "Location Field" Contrary To The Order's Own Determination of the Patentee's Intent.

The Order correctly determined that "a person of ordinary skill in the art would understand that ***the patentee intended to limit the claimed 'fields' terms to the embodiment disclosed in the specification***."[1] (Order at 33 (emphasis added).) Because the Order found that the patentee expressed an intent to limit the terms, that intent must govern by law. *See Irdeto Access, Inc. v. Echostar Satellite Corp.*, 383 F.3d 1295, 1303 (Fed. Cir. 2004). But for three of the four "fields" terms, the Order erred by disregarding its own conclusion regarding the patentee's intent.

#### 1) The Patentee's Definition Of "Data Field" Should Govern

As Apple explained in its brief and at the *Markman* hearing, the '956 Patent defines the term "data field" in the two sentences at Col. 22:15–32. The parties and the Order agreed that the first sentence, which defines what the field "provides," is definitional, and that the patentee's intent in defining the term is controlling. (Order at 26–27.) As Apple argued, the second sentence similarly defines what the field "includes" (not what it may or could include), and thus the patentee also intended this sentence to be definitional. LBSI did not respond to this argument.

The Order erred in departing from the patentee's intent to define "data field" based on both sentences together. ***First***, the Order found that this Court, in 2013, necessarily rejected including the second sentence when it construed "data field" in the *BP America* case because "there is no reason to believe" otherwise. (Order at 27.) But there is a good reason to believe otherwise, which the Order did not address: this second sentence was not previously presented to this Court as relevant to the dispute between the parties. (*See* Dkt. No. 56 at 15 n.6.) ***Second***, the Order found that the second sentence "is not related to any other limitation in the claim or the 'data field' term itself." (Order at 28.) As Apple explained, however, the second sentence, like the first, refers to

---

[1] The "fields" terms are "item reference field," "data field," "name field," and "location field."

what happens when a mappable hypertext item is "executably selected," as claim 11 requires. (Ex. A, 3/11/20 Hrg. Tr. 56:14–57:9.) The first sentence describes the "additional information" that the user receives upon selection, and the second describes the "executable code" that the user executes upon selection. (Dkt. No. 54-1, '956 Pat. 22:15–32; *see also id.* at 12:27–31; 13:35–38; 15:4–7.) The two sentences, together, describe how the data field supports a user's selection of a hypertext item. **Third**, the Order found significant that the "executable code" was in a second, separate sentence. (Order at 28.) But a patentee's decision to break a long sentence in two is irrelevant. *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2015 WL 6956722, at **22–23 (E.D. Tex. Nov. 9, 2015) ("[B]oth the first and second sentences . . . define [the term]"). The patentee intended to define "data field" using both sentences in column 22, and the Court should follow that intent.

### 2) The Patentee's Definitions Of "Name" And "Location Fields" Should Govern

The Order correctly concluded that the patentee intended column 22 of the specification to limit the claimed "name" and "location" fields. (Order at 33.) And it further concluded that column 22 "teaches that each of the . . . 'name field' and location field' have a particular meaning." (*Id.* at 32.) Because the Order found that the patentee intended to limit the terms based on the specification and that the specification gave each term a particular meaning, the law required the patentee's meaning to govern. Instead, the Order contradicted its own findings and erroneously substituted "plain meaning" for the patentee's intent. (*Id.* at 34–35.) For example, the Order correctly found that the word "provides" indicated an intent to define "data field," and followed this Court's previous decision to construe that term based on the "express language in the specification." (*Id.* at 25.) But for the "name" and "location" fields, the Order erroneously rejected the conclusion that the same "word 'provides' indicates an intent by the patentee to provide a specific lexicographical definition." (*Id.* at 34, 35.) Apple respectfully requests that the Court adopt Apple's proposed constructions based on the Order's own findings of the patentee's intent.

3

### C. Apple's Construction Of "Selectably Scalably" Is Correct.

The Order acknowledges that the "only reference to 'scale' (or 'scalably') in the patent specification" refers to displaying items "in the scale of the area to be viewed on the display, which area to be viewed is selectable." (Order at 22.) Apple's construction faithfully tracks this teaching: the item is "in the scale of the area to be viewed," and the area is what is "selectable." (*Id.*) The Order faulted Apple's construction because "it does not allow adjusting the size [i.e., scaling] of mappable hypertext items independent of the area to be viewed." (*Id.* at 23.) But there is no example in the intrinsic record where an item is scaled, or zoomed, "independent of the area to be viewed." The Order cites an example where, "as a user may approach a hotel, 'the map display would zoom in to reveal increasing detail.'" (*Id.* at 22–23.) Even here, the zooming-in (and thus the scaling) is of the ***displayed map itself***—i.e., the area viewed on the display. The Order also erred in relying on "agreed constructions by prior parties" because those constructions were submitted without argument, to a different judge, by different parties, in different cases almost seven years ago. (*Id.* at 23.) No authority suggests that such an agreement is persuasive here. Apple's construction of "selectably scalably" should be adopted.

### D. The "Converting" Term Is Indefinite.

Apple's unrebutted expert testimony showed that a person of skill would not have known what it meant to "convert" a set of coordinates to a "proportionate" representation, as claimed. This is because coordinates represent a single point, and points have no dimensions or proportions. Thus, the "conversion" of coordinates into "proportionate" representation has no reasonably defined meaning in the art. (Dkt. No. 54-9, Patterson Decl. ¶¶ 29–33.) Neither LBSI nor the Order addressed this evidence, leading the Order to err in finding that "there is no dispute that one of ordinary skill . . . would understand" what the term means. (Order at 49.) Nor was the Order correct that Apple "argues various constituent terms separately without proper context in the claim and

4

the intrinsic record." (*Id* at 49.) Apple argued that the context of the claim and intrinsic record *made* this term indefinite—for instance, by imposing a "proportionate" requirement onto proportion-less "coordinates." (Dkt. No. 56 at 24–26.) The "converting" term is indefinite.

### E. Claim 11's Requirement That Acts Occur "Quickly" Renders It Indefinite.

The claim's requirement that hypertext items be "quickly" received, mapped, and (optionally) selected is indefinite: it is a term of degree and the intrinsic record provides no "objective boundaries for those of skill in the art" as to its scope. *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014). Neither LBSI nor the Order provides any objective metric—or any construction—to allow a jury to determine whether the "quickly" term is satisfied without resort to subjectivity and speculation. To the contrary, the Order recognizes that what qualifies as "quickly" receiving information "may vary" and "is based on the corresponding application"—meaning the term's scope varies depending on what a user subjectively intends to apply the information to. (Order at 50, 53, 54.) This "leave[s] the skilled artisan to consult the unpredictable vagaries of any one person's opinion" as to whether the "quickly" limitation is satisfied. *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, 803 F.3d 620, 635 (Fed. Cir. 2015) (internal quotation marks omitted). The Order's general statement that "a finder of fact will be able to objectively evaluate the 'quickly' phrase . . . in light of" various other terms—absent any guidance as to how that "objective evaluation" is to be done—merely reinforces the term's indefiniteness. (Order at 56–57.)

The Order's reliance on two claim construction orders from 2013 is also error. (Order at 54.) The 2013 orders relied on the "insolubly ambiguous" test for indefiniteness, which was later rejected by the Supreme Court as overly rigid. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 899 (2014). The Order does not address the resulting change in the law or explain why the reasoning of the 2013 opinions is relevant post-*Nautilus*. (Order at 54–55.)

5

Date: May 5, 2020

Respectfully submitted,

By:   */s/ Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)
Doug Winnard (*pro hac vice*)
Lauren Abendshien (*pro hac vice*)
Shaun Zhang (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
dwinnard@goldmanismail.com
labendshien@goldmanismail.com
szhang@goldmanismail.com

Melissa R. Smith
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT APPLE INC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER ON CLAIM CONSTRUCTION PURSUANT TO FED. R. CIV. P. 72(A)** was filed electronically this 5th day of May, 2020, in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ *Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)